IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
NOV 15 2013
CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | | |
|---|---|---|
| RANDALL E. TALKINGTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:12-CV-585-A |
| | § | |
| CITY OF FORT WORTH, ET AL., | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM OPINION
### and
### ORDER

Came on for consideration the following motions filed in the above action: motion to withdraw as attorney of record, filed by Susan E. Hutchinson ("Hutchinson"), counsel for plaintiff, Randall E. Talkington, in the above action; and motion for sanctions against plaintiff, filed by defendants City of Fort Worth ("City") and Officer Abrams ("Abrams"). Defendant Chief Jeff Halstead ("Halstead") did not join in the motion for sanctions. Hutchinson, on plaintiff's behalf, filed a response to the motion for sanctions, and City and Abrams filed a reply. Having considered all of the parties' filings, as well as the applicable legal authorities, the court concludes that the motions should be granted.

I.

## Background

Plaintiff initiated this action on August 23, 2012, by filing his pro se complaint against defendants pursuant to 42 U.S.C. § 1983. Defendants filed motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Hutchinson subsequently appeared as counsel for plaintiff, and filed a motion for leave to file amended complaint and a motion for extension of time to respond to the motions to dismiss, which the court granted. Plaintiff then filed his first amended complaint. Abrams filed an answer and a motion to dismiss, and City and Chief answered the complaint. The court denied the motions to dismiss, and the litigation proceeded pursuant to the court's scheduling order signed June 4, 2013.

On October 15, 2013, Abrams filed a motion for leave to depose plaintiff, which the court granted. At the time Abrams filed the motion, plaintiff was incarcerated in the Tarrant County Jail. The motion indicated that the parties had agreed on a deposition date of November 4, 2013.

On November 4, 2013, Hutchinson filed her motion to withdraw. The basis of the motion was that Hutchinson was no longer able to contact plaintiff because he had recently been released from jail on bond, but had cut off his ankle monitor and

2

become a fugitive. Hutchinson had attempted to call plaintiff's cell phone number, but the number was inoperative at the time she attempted contact. As might be expected, plaintiff failed to appear for his November 4, 2013 deposition.

City and Abrams filed the motion for sanctions on November 5, 2013, seeking dismissal of plaintiff's claims for two reasons: first, as a sanction pursuant to Rule 37(d) of the Federal Rules of Civil Procedure, due to plaintiff's failure to appear for his properly-noticed deposition, and second, based on plaintiff's status as a fugitive from justice.

In the response filed by Hutchinson, she argued that plaintiff had been rearrested and returned to the Tarrant County Jail, rendering the fugitive from justice argument inapplicable, and also argued that defendants now had another opportunity to depose plaintiff.

## II.

## Analysis

A. <u>Motion for Sanctions</u>

The motion for sanctions is grounded on Rule 37(d) of the Federal Rules of Civil Procedure, which provides in pertinent part:

> (d) PARTY'S FAILURE TO ATTEND ITS OWN DEPOSITION, SERVE ANSWERS TO INTERROGATORIES, OR RESPOND TO A REQUEST FOR INSPECTION.

>    (1) In General.
>      (A) <u>Motion; Grounds for Sanctions</u>. The court where
>    the action is pending may, on motion, order
>    sanctions if:
>         (i) a party or a party's officer, director,
>         or managing agent--or a person designated
>         under Rule 30(b)(6) or 31(a)(4)--fails, after
>         being served with proper notice, to appear
>         for that person's deposition;
>
>    . . . .
>
>    (3) <u>Types of Sanctions</u>. Sanctions may include any
> of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(d).

The sanctions permitted by Rule 37(b)(2)(A)(i)-(vi) include striking a party's pleadings and dismissal, in whole or in part, of an action.

"Rule 37 empowers the district court to compel compliance with Federal discovery procedures through a broad choice of remedies and penalties, including dismissal with prejudice." <u>Griffin v. Aluminum Co. of Am.</u>, 564 F.2d 1171, 1172 (5th Cir. 1977) (per curiam). Dismissal as a sanction generally requires that "the failure to comply with the court's order results from wilfulness or bad faith, and not from an inability to comply." <u>Batson v. Neal Spelce Assocs.</u>, 765 F.2d 511, 514 (5th Cir. 1985). When considering dismissal as a sanction under Rule 37, the court also considers additional aggravating factors such as whether the other party's trial preparation was substantially prejudiced,

4

whether the conduct is attributable directly to the plaintiff, rather than the attorney, and whether the delay was "grounded in confusion or sincere misunderstanding of the court's orders." Id.

Here, there is no question that plaintiff's failure to appear was willful, rather than resulting from some inability to comply. Defendants had arranged plaintiff's deposition through Hutchinson, and there appears to be no dispute that plaintiff knew the deposition was scheduled for November 4, 2013. Plaintiff was released on bond prior to November 4, 2013. Hutchinson then received notice from the police that plaintiff had removed his ankle monitor and his whereabouts were unknown. Plaintiff's decision to remove his ankle monitor and attempt to remain at large, and his decision not to appear for his deposition, were all willful decisions of his own making. This conduct is directly attributable to plaintiff, rather than Hutchinson, and did not result from any confusion or misunderstanding on plaintiff's part.

Additionally, defendants have demonstrated prejudice as a result of plaintiff's conduct. The court's scheduling order directed the parties to file any motions for summary judgment by November 20, 2013, and to complete discovery by January 13,

2014.¹ Plaintiff's failure to appear as scheduled on November 4, 2013, seriously impaired defendants' ability to use the deposition in any dispositive motions. Although the response to the motion for sanctions indicates plaintiff has been rearrested, defendants face a significant hurdle in scheduling another deposition at the jail in time to use the deposition to support any dispositive motion. The court is not required to amend its scheduling order, nor are defendants required to extend the litigation process, to accommodate the difficulties imposed by plaintiff's willful attempt to escape from justice and disregard both the criminal justice system and the civil litigation process.

The foregoing discussion demonstrates the type of aggravating factors contemplated by the Fifth Circuit as warranting dismissal of this action. See <u>Batson</u>, 765 F.2d at 514; <u>see also</u> <u>Pegues v. PGW Auto Glass, L.L.C.</u>, 451 F. App'x 417, *418 (5th Cir. 2011) (per curiam) (affirming district court's conclusion that plaintiff's refusal to be deposed prejudiced defendant's ability to defend the lawsuit). The court thus concludes that no lesser sanction than dismissal is warranted for

---

¹The scheduling order required motions for summary judgment to be filed at least seventy-five days prior to the pretrial conference, which the order set for February 3, 2013.

failure of plaintiff to appear as ordered for his deposition.[2]

B. Motion to Withdraw

The court concludes that under the circumstances present here, good cause exists for allowing Hutchinson to withdraw from her representation of plaintiff. Accordingly, Hutchinson's motion to withdraw is granted, and she is relieved of all responsibility for representing plaintiff in this action.

III.

Order

Therefore,

The court ORDERS that the motion for sanctions be, and is hereby, granted, and that all claims and causes of action asserted by plaintiff, Randall E. Talkington, against defendants, City, Abrams, and Halstead, be, and are hereby, dismissed with prejudice.

The court further ORDERS that Hutchinson's motion to withdraw be, and is hereby, granted, and Hutchinson is relieved of all responsibility for representing plaintiff in this action.

The clerk is directed to ascertain plaintiff's current address and include that information on the docket. Plaintiff is

---

[2]Because the court is dismissing the action as a sanction under Rule 37, it need not address defendants' fugitive-from-justice argument.

responsible for informing the court of any changes to his mailing address.

    SIGNED November 15, 2013.

                                    JOHN McBRYDE
                                    United States District Judge